IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| EVA D. COLLIERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-5062-SSA-CV-SW-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Eva Colliers seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on January 3, 2001. The parties' briefs were fully submitted, and on February 13, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Eva Colliers was born in 1944 and completed high school. She previously worked in food service at a hospital. She claims disability on the basis of both physical and mental conditions.

The administrative law judge (ALJ) found Colliers had the medically-severe impairments of psychomotor seizure disorder, adjustment disorder with mixed anxiety and depressed mood, and mild arthritic changes of the lumbosacral spine and bilateral hands. After reviewing the medical records and determining her residual functional capacity, the ALJ consulted a vocational

expert. Ultimately, the ALJ determined claimant retained the functional residual capacity to return to her former work as she performed it at a light level.

Claimant asserts the ALJ should have given greater and/or controlling weight to the medical source statement submitted by her treating physician Dr. Kessler. She further asserts the residual functional capacity assigned to her was in error and the vocational expert's testimony was inconsistent with the DOT.

The record as a whole indicates claimant had a stable earnings history prior to her alleged disability. She took prescription medications for a seizure disorder, and her seizures were generally controlled by the medication. Most of the submitted medical records relate to annual check ups, medication checks, and evaluations for chest pain that was determined not to be cardiac in origin. At some of the checkups, her treating physician noted she had stress-related symptoms and/or back pain. Nevertheless, the records do not indicate she sought regular medical care for those conditions or took prescription medications for them.

Clearly, there are documents in the file which suggest claimant has impairments which would affect her ability to work on a daily basis. There are also documents which suggest that even with some impairments, claimant has the ability to perform her last relevant work. What is notably missing are regular treatment records which would show a worsening in claimant's condition or that it was sufficiently severe to require medications or restrictions in activities.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

Further, "[i]t is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari,274 F.3d 1211, 1219 (8th Cir. 2001).

Here, the ALJ has adequately explained his reasons for discounting Dr. Kessler's medical source statement due to its inconsistency with his treatment notes, and for discounting claimant's subjective complaints and testimony. His conclusions are supported by substantial evidence on the record as a whole. Given the standard for review as set forth earlier in this opinion, and for the reasons set forth in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 22nd day of February, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge